IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIRGIL ROBINSON                                                                                         PETITIONER

VERSUS                                        CIVIL ACTION NO. 3:19-cv-535-HTW-LRA

VICTOR MASON                                                                   RESPONDENT

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This cause is before the Court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Hinds County Detention Center, Jackson, Mississippi, filed this pro se Petition requesting habeas relief on July 31, 2019. *See* Pet. [1] at 1. Because Petitioner failed to pay the $5.00 habeas filing fee or submit an application to proceed *in forma pauperis*, the Court entered an Order [2] on August 1, 2019, directing Petitioner to pay the $5.00 filing fee to proceed with this habeas petition or file a request to proceed *in forma pauperis*. Petitioner was directed to comply with that Order [2] on or before September 3, 2019. Petitioner was warned that "his failure to fully comply with this order in a timely manner or failure to keep the court informed of his current address may result in the dismissal of this case." *See* Order [2] at 1.

When Petitioner failed to comply with that Order [2], an Order to Show Cause [3] was entered on September 17, 2019, directing Petitioner to respond on or before October 10, 2019. The Order to Show Cause [3] directed Petitioner (1) to file a response explaining why the Court should not dismiss the instant petition for habeas relief and (2) to comply with the Order [2] by paying the filing fee or filing a request to proceed *in forma pauperis*. Once again, Petitioner was cautioned that his "failure to advise this Court of a change of address or failure to timely pay the filing fee may result in this cause being dismissed without further notice to the Petitioner. Order [3] at 2. The envelope [4] containing the Order to Show Cause [3] was returned by the postal service with a notation "Return to Sender, Not Deliverable as Addressed, Unable to

Forward" on September 27, 2019. Petitioner did not pay the filing fee or otherwise respond to the Order to Show Cause.

Because Petitioner is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders. On October 23, 2019, the Court entered a Final Order to Show Cause [5] requiring Petitioner, on or before November 7, 2019: (1) to file a written response, showing cause why this case should not be dismissed for Petitioner's failure to comply with the Court's prior Orders [2, 3]; and (2) to comply with the Court's prior Orders [2, 3]. Petitioner was cautioned that his "failure to advise this Court of a change of address or failure to timely pay the filing fee will result in this cause being dismissed without further notice to the Petitioner." Order [5] at 1-2. The envelope containing the Final Order to Show Cause [5] was returned by the postal service with a notation "return to sender, not deliverable as addressed, unable to forward." Petitioner did not pay the filing fee or otherwise respond to the Final Order to Show Cause.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254. *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).[1] The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties

---

[1]*See also* Rule 12 of the Rules Governing Section 2254 Cases, which provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Petitioner did not fully comply with the Court Orders even after being warned that failure to do so would result in the dismissal of his case. Order [2] at 2. Petitioner has not responded to the Court's Orders or otherwise contacted the Court since he filed this Petition [1] on July 31, 2019. Such inaction presents a clear record of delay or contumacious conduct by Petitioner. It is apparent that Petitioner no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). The Court concludes that dismissal of this action, for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper. *See Martinez,* 104 F.3d at 772. Dismissal without prejudice is warranted.

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 3rd day of December, 2019.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE